UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 3:13cr71(VLB) |
| v. | : | |
| | : | May 11, 2020 |
| PEDRO RIVERA | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE

The Government hereby responds to defendant Pedro Rivera's emergency motion for compassionate release, Doc. No. 1378. For the reasons stated herein, the motion is premature for failure of the defendant to exhaust the administrative remedies within the Bureau of Prisons. Should the Court decide to address the merits of the defendant's motion itself, the defendant has not sufficiently shown "extraordinary and compelling reasons" to warrant his immediate release.

By way of background, the defendant was the lead defendant in a 2013 cocaine conspiracy operating in New London, Connecticut and Puerto Rico. On December 9, 2015, this Court sentenced the defendant to 116 months in prison. The defendant is currently incarcerated at the minimum security camp at Devens FMC. According to the Bureau of Prison's website, the defendant's release date is June 29, 2021.

I. **The Defendant May Not Present a Motion to This Court Until 30 Days After Making a Request to the Warden That BOP Support a Motion for Compassionate Release.**

1

As an initial matter, this Court lacks authority to act on the defendant's motion for compassionate release at this time.  The statute requires that a request for compassionate release be presented first to the Bureau of Prisons for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the Bureau's failure to move on the defendant's behalf, may a defendant move for compassionate release in court.  That restriction is mandatory, and it continues to serve an important function during the present crisis.

The compassionate release statute provides, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

Here, the defendant has offered evidence that his compassionate release request was filed on April 21, 2020.  *See* Doc. 1378-1.  Accordingly, 30 days have not passed between his request and the filing of his motion.

The defendant's argument that this Court may excuse the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) should also fail.  While federal courts are sharply divided on whether a court may excuse or "waive" section 3582(c)'s

2

exhaustion requirement, *see, e.g.*, *United States v. Smith*, 2020 WL 1903160, at *3 (D. Conn. 2020) (collecting cases); *United States v. Vigna*, 202 WL 19000495, at *5 (S.D.N.Y. 2020) (same), the language in section 3582(c) is clear.  As Judge Meyer recently explained: "Section 3582(c)(1)(A) doubtlessly creates a type of mandatory statutory exhaustion requirement.  A defendant must either fully exhaust all of the BOP's administrative appeal requirements or, in the alternative, a defendant must wait for 30 days after seeking relief from the prison warden before filing a motion for relief with the court.  The 30-day waiting time rule functions as an exception to a plenary exhaustion requirement, and the statute does not invite judges to craft additional exceptions." *United States v. Vanessa Vence-Small*, No. 3:18cr31(JAM), Doc. 87, at 8 (D. Conn. Apr. 20, 2020).

   II.   **Even if the Court Were to Reach the Merits of the Defendant's Motion, the Record is Insufficient to Show Extraordinary and Compelling Reasons**

Assuming that the Court reaches the merits of the defendant's motion, the defendant has not shown that "extraordinary and compelling reasons" exist in his specific case for a sentence modification under Section 3582(c)(1)(A)(i).  The Government recognizes the health risks at stake.  However, the defendant has asserted only in conclusory terms his vulnerability to Covid-19 because of his diabetes.

A court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such

3

a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable policy statement is found at U.S.S.G. § 1B1.13, which provides in relevant part that a sentence reduction is appropriate if "the court determines that extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community . . . and the reduction is consistent with this policy statement."

The defendant first cites to the fact that he has diabetes as a factor that merits his release.  However, the defendant has not provided any medical records to further expand on his condition.  The Government credits that the defendant does have type-II diabetes, *see* PSR ¶71, but beyond this, the Court is left to guess as to the defendant's overall medical health.  The Center for Disease Control cites individuals with underlying medical conditions, including individuals with diabetes, for an increased risk of severe illness from COVID-19, but qualifies such a risk factor by noting "particularly if [the underlying medical condition] is not well controlled."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html  The defendant has provided no medical records that speak to his overall health or whether his type-II diabetes is properly under control.  According to the American Diabetes Association, approximately 10.5% of the population has diabetes.  *See* https://www.diabetes.org/resources/statistics/statistics-about-diabetes.  Given that the defendant does not allege that his diabetes is out of control, that he does

4

not have any other serious medical concerns and his relatively young age (41), he has not shown that he is at a high risk of severe complications from COVID-19. Indeed, if diabetes alone constituted an "extraordinary" medical condition warranting release, a sizeable portion of the Bureau of Prisons population would also be eligible for release under Rivera's argument.

Next, the defendant cites to his rehabilitative efforts and good conduct while imprisoned to warrant release. Assuming this to be true (the defendant has provided no documentation as such) reducing his sentence based solely on his rehabilitation would not be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13, cmt. n. 3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Finally, the Government submits that the defendant's proposed release plan—that he immediately return from Massachusetts to Puerto Rico to live with his "wife"—does not offer assurance the defendant will not be at greater risk of exposing himself or others to the virus. It is unclear as to who the defendant means by his "wife," as he was in the process of divorcing his Puerto Rican-based wife and planned to marry his New London-based girlfriend at the time of sentencing.[1] *See* PSR ¶¶ 68-69. Moreover, given Mr. Rivera's frequent trips back and forth from

---

[1] Mr. Rivera's son was reported in 2015 to suffer from a medical condition that may make the child more vulnerable to COVID 19. *See* PSR ¶69.

Puerto Rico to Connecticut, *see* PSR ¶ 67, there is a concern that his return to such a travel pattern could increase his risk of getting sick.[2]

### III.     The Conditions at FMC Devens

As of the filing of this response, the Bureau of Prisons is reporting a single confirmed positive staff member at FMC Devens and is not reporting any positive cases of COVID 19 for inmates. *See* https://www.bop.gov/coronavirus/ (visited May 11, 2020 at 8:30 a.m.).

According to the declaration filed by a Bureau of Prisons representative in civil litigation in the District of Massachusetts, *see Grinis et al. v. Spaulding*, Civ. No. 20-cv-10738-GAO, Doc. 36-1, dated April 24, 2020, the prison camp houses approximately 128 inmates. The camp is next to the medical facility but "the populations do not interact." ¶ 24. Devens is employing "phase 6" procedures, which includes the suspension of all visits, limited inmate movement, enhanced screening of staff, the provision of face masks to all staff and inmates, and screening of new inmates.

---

[2] **Given the defendant's placement at a BOP facility in Massachusetts, the Government suspects that Mr. Rivera may have long term plans to return to Connecticut, where he was living at the time of the instant offense, and not Puerto Rico.**

**IV.     Conclusion**

**The defendant's motion for compassionate release should be denied.**

**Respectfully submitted,**

**JOHN H. DURHAM
UNITED STATES ATTORNEY**

**/s/ Sarah P. Karwan**
**SARAH P. KARWAN
ASSISTANT U.S. ATTORNEY
DISTRICT OF CONNECTICUT
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Fax: (203) 773-5376**

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

In addition, a copy of the foregoing was sent via U.S. Mail to

Pedro Rivera, Pro Se
Federal Medical Center, Devens MA
P.O. Box 879
Ayer, MA 01432

                _____/s/_____
                **SARAH P. KARWAN**
                **ASSISTANT U.S. ATTORNEY**